

**FILED**
August 19, 2022 12:12 PM
SX-2022-CR-00043
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, | |
| Plaintiff, | **SX-2022-CR-00043** |
| vs. | |
| TYLEY SMITH a.k.a. "TYLER SMITH", | **CITE AS: 2022 VI SUPER 72** |
| Defendant. | |

**Appearances:**
**Amie M. Simpson, Esq.**
Virgin Islands Department of Justice
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Ramiro Orozco, Esq.**
Office of the Territorial Public Defender
St. Croix, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Judge**

¶ 1    **THIS MATTER** came before the Court on Defendant Tyley Smith a.k.a. "Tyler Smith"'s (hereinafter "Defendant") motion to dismiss, filed on June 17, 2022.

### BACKGROUND

¶ 2    On February 18, 2022, the People of the Virgin Islands (hereinafter "People") filed an information against Defendant for the events that allegedly took place on or about June 2, 2021 as set forth in the affidavit of police detective Raheem Benjamin, dated February 18, 2022. Subsequently, on April 25, 2022, the People filed an amended information. The amended information charged Defendant with the following counts:

> Count I-murder in the first degree. Tyley Smith, acting with malice aforethought, did willfully, deliberately and with premeditated design, kill Nancy Nieves, by beating and strangling her, in violation of Title 14 V.I.C. § 922(a)(1);

Count II-murder in the first degree. Tyley Smith, while in the perpetration or attempted perpetration of assault in the first degree and/or assault in the third degree, killed Nancy Nieves by beating and strangling her, in violation of Title 14 V.I.C. § 922(a)(2);

Count III-assault in the first degree. Tyley Smith, with intent to commit murder, did assault Nancy Nieves, by beating and strangling her, in violation of Title 14 V.I.C. § 295(1); and

Count IV-assault in the third degree. Tyley Smith, did assault Nancy Nieves with premeditated design and by use of means calculated to inflict great bodily harm by strangling her, in violation of Title 14 V.I.C. § 297(a)(3).

(Amended Information.)

¶ 3    On June 17, 2022, Defendant filed a motion to dismiss pursuant to Rule 12(b)(3)(B)(ii) of the Virgin Islands Rules of Criminal Procedure. The deadline for the People to file an opposition has since passed[1] and as of the date of this Memorandum Opinion and Order, the People has not filed an opposition in response. On August 1, 2022, the parties appeared before the Court for oral arguments on the motion to dismiss.

## STANDARD OF REVIEW

¶ 4    Rule 12(b)(3)(B) of the Virgin Islands Rules of Criminal Procedure allows a party to challenge the defect in the charging document, such as "charging the same offense in more than one count (multiplicity)." V.I. R. CRIM. P. 12(b)(3)(B)(ii). "Multiplicity occurs when an information charges a single crime in several different counts." *People of the V.I. v. Colon*, 60 V.I. 149, 158 (V.I. Super. Ct. 2014). "'[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" *People*

---

[1] According to the scheduling order entered on April 27, 2022, "[m]otions shall be filed within thirty (30) days of arraignment, with oppositions due fifteen (15) days thereafter, and replies due within seven (7) days of any opposition." (Scheduling Order.)

*v. Vergile*, 50 V.I. 127, 134-35 (V.I. Super. Ct. Nov. 13, 2008) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

¶ 5 Most cases involving the issue of multiplicity focus on whether a defendant has been punished in multiple ways for committing the same criminal act or offense in violation of Title 14 V.I.C. § 104[2] or the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. *Id.* However, there are also cases involving the issue of multiplicity based on multiplicitous charges in an information or indictment, which raises other significant concerns. *Id.*, 60 V.I. at 158-59. "In particular, a multiplicitous charge may leave a prejudicial impression on a jury at the commencement of trial that a defendant is alleged to have committed several crimes when, as a matter of law, he or she is only being accused of committing one crime." *Id.*, 60 V.I. at 159. When determining the appropriate remedy for multiplicitous charges in the information—to wit, "whether it is proper to leave the charges in place and exercise the appropriate remedy should the need arise at sentencing, or whether the Court should proactively dismiss or consolidate the charges"—"[t]his decision should be made on a case-by-case basis, considering such factors as judicial economy, risk of prejudice, the totality of the charges against the defendant, and the severity of those charges." *People of the V.I. v. Pringle*, 2021 V.I. LEXIS 74, ¶ 25 (V.I. Super. Ct. Sept. 22, 2021).

## DISCUSSION

¶ 6 In his motion, Defendant argued that Count II, Count III, and Count IV should be dismissed. Defendant made the following assertions in support of his argument: (i) "[B]y not dismissing Counts 2-4, pursuant to Rule 12(b)(3)(B)(ii) V.I. R. CRIM. P. and in violation of 14

---

[2] Title 14 V.I.C. § 104 provides that "[a]n act or omission which is made punishable in different ways by different provisions of this Code may be punished under any of such provisions, but in no case may it be punished under more than one" and "[a]n acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." Title 14 V.I.C. § 104.

V.I.C. §104, 14 V.I.C. §295(12) [sic], the Fifth, Sixth and Fourteenth Amendments to the United State Constitution in that it would: create a prejudicial impression on a jury at the commencement of trial… [and] create a danger that the Defendant may receive more than one sentence for a single offense…" (Motion 1-2); (ii) "A review of 14 V.I.C. §295(12) [sic] clearly states that in a similar matter where a defendant was convicted of 'second-degree murder' the subsequent convictions of "first-degree assault under 14 V.I.C. §295(1) and third-degree assault under 14 V.I.C. §297(2) violated the Double Jeopardy Clause and 14 V.I.C. §104…"[3] (Id., at 2); and (iii) "The, '…test for determining whether the same act or transaction constitutes two offenses or only one is whether conviction under each statutory provision requires proof of an additional fact which the other does not'[4] [and] [t]he fact that the respective Count Two, Count Three and Count [sic] allege the same acts, on the same date, against the same victim, means that multiplicity has occurred." (Id.) While Defendant's argument to dismiss Count II, Count III, and Count IV in his motion were perfunctory and made without any analysis, only conclusory statements that they must be dismissed "pursuant to Rule 12(b)(3)(B)(ii) V.I. R. CRIM. P. and in violation of 14 V.I.C. §104, 14 V.I.C. §295(12) [sic], the Fifth, Sixth and Fourteenth Amendments to the United State Constitution," Defendant expanded on his arguments at the August 1, 2022 hearing.

¶ 7     At the August 1, 2022 hearing, the People opposed Defendant's motion to dismiss. After hearing Defendant's arguments, the People agreed to withdraw Count III, assault in the first degree.

---

[3] Defendant referenced: Title 14 V.I.C. § 295(12) citing *Williams v. People of the Virgin Islands*, 56 V.I. 821 (V.I. 2012).

[4] Defendant referenced: *United States v. Buchanan*, 485 F.3d at 278 & n.7, citing *United States v. Reedy*, 304 F.3d 358, 363 (5th Cir. 2002) (quoting *United States v. Nguyen*, 28 F.3d 477, 482 (5th Cir.1994).

¶ 8     The Court will accept the People's withdrawal of Count III and deny as moot Defendant's motion to dismiss as to Count III. The Court will discuss the remaining counts in turn.

### 1. Count II

¶ 9     As noted above, Count I charged Defendant with the offense of murder in the first degree in violation of Title 14 V.I.C. § 922(a)(1), which provides that "[a]ll murder which—is perpetrated by means of poison, lying in wait, torture, detonation of a bomb or by any other kind of willful, deliberate and premeditated killing" and Count II charged Defendant with the offense of murder in the first degree in violation of Title 14 V.I.C. § 922(a)(2), which provides that "[a]ll murder which—is committed in the perpetration or attempt to perpetrate arson, burglary, kidnapping, rape, robbery or mayhem, assault in the first degree, assault in the second degree, assault in the third degree and larceny." In this instance, the People did not charge Defendant with two separate killings; instead, the People charged Defendant for the same conduct of killing Nancy Nieves in Count I and Count II. As such, Count II is multiplicitous and redundant of Count I. As such, the Court will grant Defendant's motion as to Count II and dismiss Count II.

### 2. Count IV

¶ 10     As noted above, Count IV charged Defendant with the offense of assault in the third degree in violation of Title 14 V.I.C. § 297(a)(3), which provides that "[w]hoever, under circumstances not amounting to an assault in the first or second degree—assaults another with premeditated design and by use of means calculated to inflict great bodily harm" commits third-degree assault. Title 14 V.I.C. § 297(a)(3). In *Davis v. People of the V.I.*, the Virgin Islands Supreme Court explained:

> ...Both subsections 297(a) and 297(b) address assaults, and the elements of the crime of Third Degree Assault must be framed in terms of the definition provided in section 291 of title 14. Subsections (1)-(4) of section 297 provide for, in addition to the elements as

defined in sections 291 and 292 of title 14, aggravating factors that make the conduct involved the crime of Third Degree Assault. *Cf.* 14 V.I.C. § 299.

69 V.I. 619, 658 (2018)

More specifically, as to assault in the third degree pursuant to Title 14 V.I.C. § 297(a)(3), the Virgin Islands Supreme Court pointed out that "Section 297(a)(3) has the same specific intent requirement [as subsections 296(1) and (4) of Title 14 of the Virgin Islands Code] that the person desired to injure the victim but is only concerned with assaults achieved through premeditated design in general and not the specific means employed, which is in contrast to subsections 296(1) and (4)." *Davis*, 69 V.I. at 660. This specific intent to injure the victim under Title 14 V.I.C. § 297(a)(3) is not the same as the intent to commit murder required for murder in the first degree.[5]

In *Cascen v. People of the V.I.*, the Virgin Islands Supreme Court explained:

> Cascen argues that the evidence was insufficient to support this conviction [of third-degree assault under Title 14 V.I.C. § 297(a)(2)] because the People failed to prove that he intended to assault W.J. Cascen is correct that there was no evidence at trial that he intended to assault W.J., and therefore his sufficiency challenge hinges solely on whether Cascen's intent to murder Peters could be transferred to W.J. to support the third-degree assault conviction. Unlike first-degree murder — which only requires the People to prove that the defendant had the specific intent to commit murder, *see Codrington*, 57 V.I. at 184-85 — "the People were required to prove that [the defendant] used unlawful violence upon [the victim] *with the specific intent to injure him*" to obtain a conviction for assault. *Boston v. People*, 56 V.I. 634, 641 (V.I. 2012) (emphasis added). This prevents Cascen's intent to murder Peters from being used to support an assault conviction because even though the People showed that Cascen used "unlawful violence upon the person of" W.J., the People introduced no evidence establishing that Cascen had the "intent to injure" W.J. *See Gov't of the V.I. v. Davis*, 561 F.3d 159, 169-70, 51 V.I. 1179 (3d Cir. 2009) (holding that a jury instruction on transferred intent in a first-degree assault prosecution impermissibly relieved the People of its burden of proving every element of the crime beyond a reasonable doubt, warranting reversal); *Gov't of the V.I. v. Greenidge*, 600 F.2d 437, 440, 16 V.I. 154 (3d Cir. 1979) (same); *see also Harvey v. State*, 111 Md. App. 401, 681 A.2d 628, 644 (Md. Ct. Spec. App. 1996) (holding that where "the unintended victim is not killed, the transferred intent doctrine does not apply"). Therefore, because Cascen's

---

[5] In *Codrington v. People of the V.I.*, the Virgin Islands Supreme Court pointed out that "[i]t is clear from a simple reading of the plain language of section 922(a)(1) that the Legislature intended to define all murder accomplished by the four enumerated examples — poison, detonation of a bomb, lying in wait, and torture — and any other murder, regardless of how the murder was accomplished, so long as the murder was willful, deliberate, and premeditated as first degree murder." 57 V.I. 176, 186 (V.I. 2012).

intent to kill Peters cannot be transferred to W.J. to support the assault conviction, the evidence was insufficient for the jury to find Cascen guilty of third-degree assault, and we reverse this conviction.

*Cascen*, 60 V.I. 392, 407-08 (V.I. 2014).

Thus, murder in the first agree and assault in the third degree each requires proof of a fact which the other does not. As such, the Court will deny Defendant's motion to dismiss.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that the People's withdrawal of Count III is **ACCEPTED** and Count III is deemed withdrawn. It is further:

**ORDERED** that Defendant's motion to dismiss, filed on June 28, 2022, is **GRANTED IN PART AND DENIED IN PART** as follows: (i) **GRANTED** as to Count II and Count II is **DISMISSED, (ii) DENIED AS MOOT** as to Count III, and (iii) **DENIED** as to Count IV. **And** it is further:

**ORDERED** that, **with in fifteen (15) days from the date of entry of this Order**, the People shall file a second amended information consistent with this Order.

**DONE and so ORDERED this** $\underline{19^{th}}$ **day of August, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor
Dated: 8/19/2022

HAROLD W.L. WILLOCKS
**Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
August 19, 2022 12:15 PM
SX-2022-CR-00043
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

People of the Virgin Islands v.
Tyley D. Smith

Case Number: **SX-2022-CR-00043**
Charges: **14 V.I.C. 922(a) - Murder 1st Degree**
**14 V.I.C. 922(a) - Murder 1st Degree**
**14 V.I.C. 295(1) - Assault 1st. Degree With**
**Intent To Commit Murder**
**14 V.I.C. 297(3) - Assaults W/Premeditated**
**Design**

## NOTICE of ENTRY
## of
## Memorandum Opinion and Order

**To:** Amie Marie Simpson, Esq.                    Ramiro Orozco, Esq.

**Please take notice that on August 19, 2022**
**a(n)** _____ **Memorandum Opinion and Order**
**dated** _____ **August 19, 2022** _____ **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:** **August 19, 2022**

**Tamara Charles**
**Clerk of the Court**
By:

**Iris Cintron**
**Court Clerk Supervisor**